FILED
12-16-2020
Clerk of Circuit Court
Pierce County, WI
2020CV000188

**STATE OF WISCONSIN:**     **CIRCUIT COURT:**     **PIERCE COUNTY**

**JAMES DUFOE**
928 Pine Ridge Terrace
River Falls, WI 54022

           Plaintiff,

vs.

**PACCAR, INC.**
d/b/a Peterbilt Motors Company
777 106th Ave NE
Bellevue, WA 98004

           Defendant.

Case No.:
Case Classification: other contracts
Case Code: 30303

**SUMMONS**

---

**THE STATE OF WISCONSIN, TO EACH PERSON NAMED ABOVE AS A DEFENDANT:**

**YOU ARE HEREBY NOTIFIED** that the Plaintiff named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Pierce County Circuit Court, 414 W Main St, Ellsworth, WI 54011, and to Dustin Fossey, Plaintiff's attorney, whose address is Fossey Law Firm, PLLC, 6200 Excelsior Blvd., Ste. 104, St. Louis Park, MN 55416. You may have an attorney help or represent you.

-1-


EXHIBIT A

If you do not provide a proper answer within twenty (20) days, the Court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated: 12/16, 2020

                                                                         **FOSSEY LAW FIRM, PLLC**
                                                                         Attorney for Plaintiff

                                                                         By: _____
                                                                         Dustin D. Fossey
                                                                         State Bar No. 1090560

**MAILING ADDRESS**
6200 Excelsior Blvd., Ste. 104
St. Louis Park, MN 55416
Phone No. (952) 475-0059

—2—

FILED
12-16-2020
Clerk of Circuit Court
Pierce County, WI
2020CV000188

STATE OF WISCONSIN:     CIRCUIT COURT:     PIERCE COUNTY

JAMES DUFOE
928 Pine Ridge Terrace
River Falls, WI 54022

           Plaintiff,

vs.

PACCAR, INC.
d/b/a Peterbilt Motors Company
777 106th Ave NE
Bellevue, WA 98004

           Defendant.

Case No.:
Case Classification: other contracts
Case Code: 30303

**COMPLAINT AND JURY DEMAND**

---

NOW COMES Plaintiff, James "Jim" Dufoe d/b/a Old Silverback Trucking, by and through his attorney **FOSSEY LAW FIRM, PLLC**, by Dustin Fossey, who complains against the above-named Defendant as follows:

## COUNT ONE:
## VIOLATION OF REPAIR REPLACEMENT AND REFUND UNDER NEW MOTOR VEHICLE WARRANTIES ACT, W.S.A.218.0171 ET SEQ

As and for a claim against the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, the Plaintiff alleges as follows:

1. That the Plaintiff, James "Jim" Dufoe d/b/a Old Silverback Trucking, resides at 928 Pine Ridge Terrace, River Falls, WI 54022; that said Plaintiff is a "consumer," as that term is defined in sec. 218.0171(1)(b), Wis. Stats.

2. Upon information and belief, the Defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, is a foreign corporation duly authorized and licensed to do business in the State of

–3–

Wisconsin and is engaged in the manufacture and sale of motor vehicles, including new motor vehicles, through its duly authorized dealers in the State of Wisconsin and elsewhere; that said defendant does substantial business in Pierce County, Wisconsin; that upon information and belief, its principal offices are located at 777 106th Ave. NE, Bellevue, Washington 98004; that the registered agent for said defendant in the State of Wisconsin is The Prentice-Hall Corporation System, Inc., 8040 Excelsior Drive, Suite 400, Madison, WI 53717; that said Defendant is a "manufacturer," as that term is defined in Wis. Stat. 218.0171(1)(c).

3. That on or about September 13, 2018, James "Jim" Dufoe d/b/a Old Silverback Trucking, financed his purchase of the 2019 Peterbilt 389 for $178,999 from JX Trucking Center via a Master Lease Agreement requiring monthly payments of $2,101.34 over 72 months with a final payment of $19,650 to complete his purchase/ lease buyout. The vehicle identification number is 1XPXD49X2KD272070 (the "2019 Peterbilt 389"), as more fully set forth in copies of the Lease/ Purchase Documents which are attached hereto, incorporated by reference herein and collectively marked as **Exhibit A**; that the Plaintiff received delivery of said 2019 Peterbilt 389 on or about September 13, 2018 at JX Truck Center – Madison of DeForest, WI, 4205 Anderson Rd, Madison, WI 53704; that said 2019 Peterbilt 389 is a "motor vehicle," as that term defined in Wis. Stat. § 218.0171(1)(d).

4. That upon information and belief, the cash price of said 2019 Peterbilt 389 was $151,195.54, plus FET (new) fee in the sum of $18,143.46, plus Dealer Ad-On fee in the sum of $175.00, plus Administrative/Service fees in the sum of $175.00, plus Ext Warranty in the sum of $9,485.00; that upon information and belief the Plaintiff traded in a 2002 Peterbilt 379 and received a trade-in amount in the sum of $48,000.00, and financed the balance of said purchase price.

-4-

5. That a Peterbilt new vehicle manufacturer's warranty was provided by the Defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, to the Plaintiff at time of said purchase; that as part of said purchase, said 2019 Peterbilt 389 was warranted in writing to be free from mechanical and other defects.

6. That during the term of said warranty, and within the earlier of one year from the date of delivery or the expiration of said warranty, said 2019 Peterbilt 389 was out of service for more than 30 days because of warranty nonconformities; that conditions or defects included, but were not necessarily limited to, continued ongoing driveline vibrations, inoperative CB antenna, faulty clutch adjustment, pulled codes with Insite and code 334; updated engine calibration from HD10266.04 TO HD10266.08; Started EDS case DSBRW5203; Started truck and ran to temp it was very slow getting to temp, approx. 30 min; When the fan kicked on and drops temp it goes to 160 deg. too low; Thermostats has failed, stuck open; Found low batteries, all 4 batteries failed test; Removed and installed 4 new batteries, coolant light on, coolant gauge works intermittently, no dash lights, brake light comes on when jakes are applied, exhaust joint after turbo leaking, vibration in driveline, fuel tanks do not even out; check engine lights on; active codes faults for low DEF fluid, low coolant light on and has a coolant leak on passenger side close to firewall, check drivetrain, adjusted rear end again, New Clutch warranty work, Replace cab bushings as per DSM instruction, windshield washer reservoir is cracked, air line for fifth wheel lock fell off, there is a driveline vibration under load, end of the dip stick broke off, truck will crank but not start, there is a vibration under load when going up a grade, failed main shaft and yolk nut, A/C is not working, failed hanger bearing, as well as any and all other complaints reported by Plaintiff to Defendant and/or its authorized dealership(s).

-5-

7. That upon information and belief, during the term of said warranty, and within the earlier of one year from the date of delivery or the expiration of said warranty, said 2019 Peterbilt 389 has been the subject of four unsuccessful attempts to repair the same warranty nonconformity (or nonconformities) as that term is defined in Wis. Stat. § 218.0171(1)(f); that upon information and belief, the warranty nonconformity or nonconformities continued thereafter.

8. That on or about November 4, 2020, the Plaintiff sent revised Motor Vehicle Lemon Law Notices and Nonconformity Reports, to the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, via certified mail return receipt requested, notifying the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, of such nonconformities and demanded that the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, accept return of said 2019 Peterbilt 389 and provide the Plaintiff with a refund calculated in accordance with the Lemon Law; that a true and accurate copy of said notices are attached hereto, incorporated by reference and marked as **Exhibit B**.

9. That on November 9, 2020, the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, received said Motor Vehicle Lemon Law Notices as evidenced by the United States Postal Service Domestic Return Receipts; that a true and accurate copy of said United States Postal Service Domestic Return Receipts are attached hereto, incorporated by reference and collectively marked as **Exhibit C**.

10. That despite said notice, the Defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, failed or refused to provide the appropriate relief provided for by the Lemon Law sought by the Plaintiff in a timely manner without imposing conditions not required by the Wisconsin Lemon Law.

11. That upon information and belief, no certified informal dispute settlement

-6-

procedure, as defined in Wis. Stat. § 218.0171 (4), is available to the Plaintiff; that consequently, the Plaintiff may bring this action pursuant to Wis. Stat. § 218.0171.

12. That since said 2019 Peterbilt 389 has been out of service a total of thirty (30) or more days due to warranty nonconformities, the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, violated Wis. Stat. § 218.0171, entitling the Plaintiff to the choice of either a comparable new motor vehicle or rescission of the afore-described purchase agreement, and the refund of all the monies described herein that were paid by the Plaintiff, together with all other relief provided for by such law; that alternatively, since said 2019 Peterbilt 389 was made available on at least four occasions for the repair of the same warranty nonconformity (or nonconformities) that substantially impairs the use, value or safety of said 2019 Peterbilt 389, and the warranty nonconformity (or nonconformities) continued thereafter, the Defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, has violated Wis. Stat. § 218.0171., entitling the Plaintiff to the choice of either a comparable new motor vehicle or rescission of the afore-described purchase agreement, and the refund of all monies described herein that were paid by the Plaintiff together with all other relief provided for by such law.

## COUNT II: VIOLATION OF REPAIR PROVISION UNDER NEW MOTOR VEHICLE WARRANTIES ACT, W.S.A. 218.0171 ET SEQ

In the alternative to the First Claim, as and for a claim against the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, the Plaintiff allege:

13. That the Plaintiff realleges and incorporates herein by reference all of the allegations contained above in the preceding paragraphs as if fully set forth herein.

14. That during the term of said warranty, and within the earlier of one year from the date of delivery of said 2019 Peterbilt 389 or the expiration of said warranty, the Plaintiff reported nonconformities, as that term is defined in Wis. Stat. § 218.0171(1)(f), to the Defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, and to said defendant's authorized motor vehicle dealers; that said nonconformities substantially impair the use, value or safety of said 2019 Peterbilt 389; that conditions or defects included, but were not necessarily limited to, continued ongoing driveline vibrations, inoperative CB antenna, faulty clutch adjustment, pulled codes with Insite and code 334; updated engine calibration from HD10266.04 TO HD10266.08; Started EDS case DSBRW5203; Started truck and ran to temp it was very slow getting to temp, approx. 30 min; When the fan kicked on and drops temp it goes to 160 deg, too low; Thermostats has failed, stuck open; Found low batteries, all 4 batteries failed test; Removed and installed 4 new batteries, coolant light on, coolant gauge works intermittently, no dash lights, brake light comes on when jakes are applied, exhaust joint after turbo leaking, vibration in driveline, fuel tanks do not even out; check engine lights on; active codes faults for low DEF fluid, low coolant light on and has a coolant leak on passenger side close to firewall, check drivetrain, adjusted rear end again; New Clutch warranty work, Replace cab bushings as per DSM instruction, windshield washer reservoir is cracked, air line for fifth wheel lock fell off, there is a driveline vibration under load, end of the dip stick broke off, truck will crank but not start; there is a vibration under load when going up a grade, failed main shaft and yolk nut, A/C is not working, failed hanger bearing, as well as any and all other complaints reported by Plaintiff to Defendant and/or its authorized dealership(s).

15. That during the term of said warranty, and within the earlier of one year from the date of delivery or the expiration of said warranty, the Plaintiff made his 2019 Peterbilt 389

available to the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, and to said defendant's authorized motor vehicle dealers, for repair of nonconformities.

16. That despite the fact that Plaintiff reported nonconformities to the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, and to said defendant's authorized motor vehicle dealers, and despite the fact that the Plaintiff made their 2019 Peterbilt 389 available for repair to the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, and to said defendant's authorized motor vehicle dealers, nonconformities were not repaired.

17. That since nonconformities that substantially impair the use, value, or safety of said 2019 Peterbilt 389 were not repaired, the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, has violated Wis. Stat. § 218.0171, entitling the Plaintiff to bring the instant action and recover for all damages caused by such violation of Wis. Stat. § 218.0171.

**WHEREFORE**, the Plaintiff demands judgment against the defendant as follows:

(a) From the defendant, Paccar, Inc., d/b/a Peterbilt Motors Company, all pecuniary losses incurred heretofore or hereafter including: the full purchase price of said 2019 Peterbilt 389, plus the cost of the services fee, sales tax, finance charges, title, loan filing, processing fees, all amounts paid at the point of sale, all collateral costs and all other amounts paid after sale for improvements/accessories, as applicable, as all these terms are defined and intended in Wis. Stat. § 218.0171 in the alternative, for a money judgment in favor of the Plaintiff for all damages suffered because of the failure to repair and the amount of all pecuniary losses incurred heretofore or hereafter, as all these terms are defined in Wis. Stat. § 218.0171;

(b) For rescission of his purchase/ Master Lease Agreement;

(c) For prejudgment interest on all liquidated sums as provided by law;

(d) For the Plaintiff's actual reasonable attorney fees;

(e) For actual and statutory costs and disbursements incurred in this action; and

(f) For such other relief as the Court deems just and equitable.

Dated: 17/1/_____, 2020

                                                    **FOSSEY LAW FIRM, PLLC**

By: _____

                Dustin D. Fossey (Bar No. 1090560)
                6200 Excelsior Blvd., Ste. 104
                St. Louis Park, MN 55416
                Telephone: (952) 475-0059
                Dustin@Fosseylaw.com

                **ATTORNEY FOR PLAINTIFF**

# EXHIBIT "A"

## INVOICE



JX Truck Center - Madison
4205 Anderson Road
DeForest, WI 53532
Phone: 608-241-4101
(Division of Peterbilt of Wisconsin, Inc.)

Invoice: 13102191
Invoice Date: 09/13/2018
Deal/Packet: 23494/1
Branch: MADSN
Department: New Truck

| Lessor: | Lessee: |
|---|---|
| MINNWEST BANK<br>14820 HIGHWAY 7<br>MINNETONKA, MN 55345 | OLD SILVERBACK TRUCKING LLC<br>928 PINE RIDGE TERRACE<br>RIVER FALLS, WI 54022 |

ID: 13848   Ph:   P/O:   Salesperson: Kevin Cross

**+ SOLD UNIT(S)**

Stock Number: 272070                                       Price:    $151,195.54
VIN: 1XPXD49X2KD272070
Year: 2019     Make: PETERBILT     Model: 389
Engine SN: 80081938

**ADDITIONAL UNIT CHARGES**
Ext Warranty-389 Exempt                                    Price:    $9,485.00
                                                       Unit Price:    $160,680.54
                                                   Total Sold Unit(s): $160,680.54

**ADDITIONAL DEAL CHARGES**
Administrative / Services Fee                                          $175.00
                                                   Deal Add-On Fees:   $175.00
FET/Other: 272070                                                     18,143.46
                                                   Total FET/Other:   $18,143.46

                                                              Total:  $178,999.00
                              Trade Equity (2002 Peterbilt 379 VIN 576960):  ($48,000.00)
                                                                Net:  $130,999.00

                                                        **Balance Due:  $130,999.00**

Terms     Due: 09/13/2018
Remit Balance Due To:
    JX Truck Center - Madison
    4205 Anderson Road
    DeForest, WI 53532

Signature: _____   Date: 9/13/2018

**Invoice Disclosure:**

**If You Are Purchasing a Vehicle Subject to FET:**
Pursuant to Public Law 97-424 the cost of parts and accessories in excess of $1,000 installed within 6 months of the first retail sale date of the vehicle are subject to a 12% Federal Excise tax. The purchaser is responsible for payment of such tax.

**If You Are Purchasing Pre-Owned Equipment:**
The sale of any pre-owned equipment is made with no dealer warranties, express or implied, including any warranty of merchantability or fitness for a particular purpose.

**If You Are Purchasing a Glider Kit:**
When this Glider Kit is fully assembled it is the purchaser's responsibility to pay any applicable federal excise tax on the completed vehicle. The seller does not assume any responsibility or liability relative to the calculation of any applicable excise tax or payment thereof. It is recommended that you contact your tax professional and/or legal counsel to determine the amount of federal excise tax owed, if any.

Initial Here: _____                                                Page 1 of 1

Scanned by CamScanner

**MINNWEST BANK**                                       **SUPPLEMENT TO MASTER LEASE AGREEMENT**

CCAN #: 2520                                            Date of Master Lease Agreement: September 15, 2018

Contract #: 050-0002268-000

Lessee(s):  James Dufoe
            928 Pine Ridge Ter
            River Falls WI 54022

This is a Supplement to the Master Lease Agreement identified above between Minnwest Bank and Lessee (the "Master Lease Agreement"). Upon the execution and delivery by Lessor and Lessee of this Supplement, Lessor hereby agrees to lease to Lessee, and Lessee hereby agrees to lease from Lessor, the Equipment defined in paragraph 1 upon the terms and conditions of this Supplement and the Master Lease Agreement.

1. Equipment Description:

| Quantity | Type and Model Number | Serial Number |
|---|---|---|
| 1 | 2019 Peterbilt Model 389 Tractor | 1XPXD49X2KD272070 |

2. Location of Equipment (Lessee's address unless otherwise specified): Over the road tractor

3. Schedule of Payments:

   (a) Lease Amount: $130,999.00
   (b) Rent Commencement Date: September 15, 2018
   (c) Initial Term: 72 Months
   (d) Total Basic Rent of $2,101.34, is due on September 15, 2018 and is due on the 15th day of each rental payment period during the Initial Term of this Supplement.
   (e) Maintenance Lease Mileage Charge based on the Schedule in the Acknowledge and Consent Agreement.
   (f) Payment Frequency: Monthly
   (g) Advance or Arrears: Advance
   (h) Additional Provisions:
      ☑ First Payment of $2,101.34 is due on September 15, 2018
      ☑ Residual: TRAC ($19,650.00)
      ☑ Documentation and Handling Fee: $400.00
      ☑ The Lessee authorizes motor carrier ("Company") to deduct monthly payments plus applicable sale and use tax due hereunder from Lessee's settlement and has authorized Company to remit monthly payments to Lessor on Lessee's behalf. Lessor's acceptance of monthly payments from the Company does not relieve Lessee of its continuing obligations hereunder.

Lessor: Minnwest Bank                                   Lessee: James Dufoe

By: *Seyal Patel*  9/13/18                              By: *[signature]*  9/13/18
    Signature      Date                                     Signature      Date

Its: *A VP Leasing*
     Title-Corporation Only

Scanned wi

| MINNWEST BANK | ACKNOWLEDGE AND CONSENT AGREEMENT |
|---|---|

Lessee(s): James Dufoe
928 Pine Ridge Ter
River Falls WI 54022

Master Lease Agreement Date: September 15, 2018

Contract #: 050-0002268-000

This Acknowledge and Consent Agreement ("Agreement") is written with respect to that certain Master Lease Agreement (the "Master Lease") dated as of September 15, 2018 by and between Minnwest Bank ("Lessor") and **James Dufoe** ("Lessee"). Lessee is currently engaged as an independent contractor to perform transportation services with Navegate, Inc., Inc. ("Carrier").

The Lessee irrevocably grants Carrier the authority to deduct the following amounts due to Lessee by Carrier for services rendered ("the Settlement") and authorizes Carrier to remit such funds who will in turn remit such funds to Lessor. If Lessee changes motor carriers, funds will be forwarded directly to the Lessor.

There are 72 consecutive monthly payments due on the 15th day of each month commencing September 15, 2018.

The Lessee also agrees to allow Carrier the authority to deduct the following funds to be deposited in an escrow maintenance account held. This maintenance lease payment will be a per mile charge for bona fide and necessary maintenance and repairs to the Equipment for safe and efficient operation as determined, to be evidenced by bills or other documentation suitable to the Carrier. To the extent a positive balance exists, such monies will be used to pay approved repair and maintenance costs that are approved by Carrier. For purposes of illustration and not as a way of limitation, insurance deductibles, chrome additions to the Equipment, replacement of after-market parts and accessories, Equipment washing, and other non-essential repair and maintenance shall not be eligible for payment from the maintenance lease funds unless authorized in advance by Carrier, as determined in Carrier's sole discretion. If the costs exceed any balance, Lessee shall be responsible for the difference and shall authorize the motor carrier to whom the vehicle is contracted to remit monies from any contract settlement payments due to Lessee.

To the extent any positive balance exists at the completion of this Lease such positive balance shall be the property of Lessee.

| Months | New Equipment(cents Pay Mile of Obligor) |
|---|---|
| 1-24 | $0.07 |
| 25-48 | $0.08 |
| 49-72 | $0.09 |

In the Event of Default (as defined in the Master Lease Agreement) Lessee authorizes Carrier to pay, any and all funds held by Carrier on Lessee's behalf, for Basic Rent or Interim Rent, to Lessor. In the event the Lessee surrenders the truck or is terminated prior to the completion of the lease, any monies accumulated in the escrow maintenance account will stay with the truck.

The Lessee acknowledges and agrees that if there are not sufficient funds in the Settlement to cover such deduction, the Lessee will pay Lessor the amount of any such deficiency.

In WITNESS WHEREOF, Lessee has executed this Acknowledge and Consent Agreement this ____ day of September 2018.

Lessee: _____
Signature

scanned w|

**MINNWEST BANK**

## ASSIGNMENT OF ACCOUNTS RECEIVABLE AND POWER OF ATTORNEY

Lessee(s): James Dufoe
928 Pine Ridge Ter
River Falls WI 54022

Master Lease Agreement Date: September 15, 2018

Contract #: 050-0002268-000

Lessee (hereinafter "Assignor") and Minnwest Bank, as Lessor (hereinafter "Assignee") have entered into a Master Lease Agreement and Supplement to Master Lease Agreement including all schedules, riders, addenda, guaranties, and supplements thereto (hereinafter "Master Lease"). In consideration of such Master Lease and as security for the amounts due under the Master Lease, Assignor does hereby grant to Assignee a security interest in and irrevocably assigns and transfers to Assignee certain monies due Assignor each month from Navegate, Inc. (hereinafter "Carrier"). Assignor shall instruct Carrier in writing to pay to the order of Assignee all amounts due Assignor each month up to the amounts set forth on the Master Lease. All amounts in excess of the amount set forth above shall be paid to the order of Assignor.

Assignor agrees that if it breaches the terms of this Assignment, such breach shall be considered an Event of Default (as that term is defined in the Master Lease) and Assignee shall have the right to exercise all of it rights and remedies there under. Assignor agrees to indemnify Assignee against all expenses, including attorney fees, incurred by Assignee to enforce its rights hereunder. This Assignment shall be binding on the parties hereto, their heirs, successors, assigns, and legal representatives.

In further consideration of the Master Lease, Assignor hereby appoints Assignee to act as Assignor's attorney-in-fact in Assignor's name, place and stead, for the following purpose(s): In the event that Assignor fails to cure an Event of Default (as term is defined in the Master Lease), Assignor hereby authorizes Assignee, as Assignor's attorney-in-fact, to sell, convey, assign or otherwise transfer Assignor's interest in the Master Lease, and the Equipment described therein, to another third party without first obtaining Assignor's consent. Assignor hereby acknowledges and agrees that Assignee's exercise of its general authority as Assignor's attorney-in-fact hereunder by selling, conveying, assigning or otherwise transferring Assignor's interest in the Master Lease, and the Equipment described therein, shall not relieve Assignor from Assignor's obligations under the Master Lease, nor shall it release Assignor from liability under the Master Lease.

In WITNESS WHEREOF, Assignor has executed this Assignment of Accounts Receivable and Power of Attorney this ___ day of September 2018.

Assignor: _____

**MINNWEST BANK**           **DELIVERY & ACCEPTANCE CERTIFICATE**

Lessee(s): James Dufoe          Contract #: 050-0002268-000
928 Pine Ridge Ter
River Falls WI 54022

Lessee hereby certifies that all of the equipment described below (the "Equipment") has been delivered to and has been received by the Lessee, that all installation or other work necessary prior to the use thereof has been completed, that the Equipment has been examined by the Lessee and is in good operating order and condition and Lessee has inspected and hereby accepts the Equipment as satisfactory in all respects for all of Lessee's intended uses and purposes. Lessee hereby unconditionally and irrevocably accepts the Equipment.

| Quantity | Type and Model Number | Serial Number |
|---|---|---|
| 1 | 2019 Peterbilt Model 389 Tractor | 1XPXD49X2KD272070 |

WITH THE DELIVERY OF THIS DOCUMENT TO MINNWEST BANK ("LESSOR"), LESSEE ACKNOWLEDGES AND AGREES THAT LESSEE'S OBLIGATIONS TO LESSOR BECOME ABSOLUTE AND IRREVOCABLE AND LESSEE SHALL BE FOREVER ESTOPPED FROM DENYING THE TRUTHFULNESS OF THE REPRESENTATION MADE IN THIS DOCUMENT.

Lessee: James Dufoe

By: _____  _____
       Signature               Date

Scanned WI

**MINNWEST BANK**                                                                    **TRAC ADDENDUM**

Lessee(s):   James Dufoe                              Contract#: ____050-0002268-000____
             928 Pine Ridge Ter
             River Falls WI 54022

This Addendum is an addition to the Master Lease Agreement between MINNWEST BANK ("Lessor") and Lessee. All terms and conditions of the Lease shall remain in full force and effect except to the extent modified by this Addendum.

In accordance with Section 7701(h) of the Internal Revenue Code of 1986, under penalty of perjury, Lessee hereby certifies that it intends that more than 50% of the use of the Equipment that (as defined in the Supplement to Master Lease Agreement) is to be in a trade or business of Lessee. Lessor and Lessee hereby agree that at the expiration of the Initial Term of the Lease according to its original terms (and not early on account of default or otherwise) the Equipment will be sold by the Lessor (or by an agent of Lessor). The proceeds of sale (the "Proceeds") shall be distributed as follows:

1. First, to reimburse Lessor or its agent for the cost of putting the Equipment in a condition to be sold, sales commissions, legal fees, expenses or repossession and all other expenses of sale.

2. Second, the balance to the Lessor up to an amount equal to $19,650.00

3. Third, the balance, if any, to Lessee as an adjustment to rent previously paid by Lessee to Lessor pursuant to the Lease.

In the event the Proceeds are less than the sum of item 1 plus item 2 above, the Lessee shall pay to the Lessor the deficiency as additional rent pursuant to the Lease but in any event not more than $19,650.00.

Any amount paid to or by the Lessee pursuant to this Addendum shall be the "Terminal Rental Adjustment."

To be consistent with the Terminal Rental Adjustment, Lessor and Lessee hereby amend Sections 13 and 23 of the Master Lease Agreement (relating to casualty and default) by amending the figure "30%" where it appears therein to "$19,650.00". In addition, the second paragraph of Section 2 of the Lease relating to automatic extension is hereby deleted.

Lessee acknowledges not to be treated as the owner of the Equipment for <u>federal income tax purposes.</u>

Lessor: Minnwest Bank                                Lessee: James Dufoe

By: _Sejal Patel_  _9/13/18_                         By: _[signature]_  _[date]_
    Signature      Date                                  Signature         Date

Its: ___AVP-Leasing___
     Title - Corporation only

Scanned wi

**MINNWEST BANK**                                    **INSURANCE REQUIREMENTS**

To:     James Dufoe

Re:     One (1) 2019 Peterbilt Model 389 Tractor VIN: 1XPXD49X2KD272070

From:   Minnwest Bank

Date:   September 15, 2018

**Provide this to your insurance agent and/or insurance carrier.**

Per Section 16 of Minnwest Bank's Master Lease Agreement you are required to provide and maintain insurance coverage as summarized below. If you have questions, please refer to this agreement or contact Sejal Patel at 952-545-8815. Satisfactory evidence of insurance must be provided to Minnwest Bank.

INSURANCE REQUIREMENTS SUMMARY

Minnwest Bank, 14820 Highway 7, Minnetonka, MN 55345 must be named as:

1. LOSS PAYEE for automobile physical damage coverage:

    a. Collision and Upset - Actual Cash Value, declared value to be shown as **$130,999.00**, with a maximum deductible of $1,000.

    b. Fire/Lightening, extended coverage and vandalism/malicious mischief - Actual Cash Value, declared value to be shown as **$130,999.00**, with a maximum deductible of $1,000.

2. ADDITIONAL NAMED INSURED for Automobile liability coverage, Trucking and Non-Trucking use:

    a. Bodily Injury - $1,000,000

    b. Property Damage - $1,000,000

3. OTHER CONDITIONS OR SPECIFICATIONS:
    a. Property Location
    b. Property Description
    c. Contact Information
    d. Minnwest Bank to be shown as Certificate Holder

**Forward the completed certification to:**

Minnwest Bank
14820 Highway 7
Minnetonka, Minnesota 55345

Scanned wi

**MINNWEST BANK**

**ASSIGNMENT OF ACCOUNTS RECEIVABLE AND POWER OF ATTORNEY**

Lessee(s):  James Dufoe
928 Pine Ridge Ter
River Falls WI 54022

Master Lease Agreement Date: __September 15, 2018__

Contract #: __050-0002268-000__

Lessee (hereinafter "Assignor") and Minnwest Bank, as Lessor (hereinafter "Assignee") have entered into a Master Lease Agreement and Supplement to Master Lease Agreement including all schedules, riders, addenda, guaranties, and supplements thereto (hereinafter "Master Lease"). In consideration of such Master Lease and as security for the amounts due under the Master Lease, Assignor does hereby grant to Assignee a security interest in and irrevocably assigns and transfers to Assignee certain monies due Assignor each month from Navegate, Inc. (hereinafter "Carrier"). Assignor shall instruct Carrier in writing to pay to the order of Assignee all amounts due Assignor each month up to the amounts set forth on the Master Lease. All amounts in excess of the amount set forth above shall be paid to the order of Assignor.

Assignor agrees that if it breaches the terms of this Assignment, such breach shall be considered an Event of Default (as that term is defined in the Master Lease) and Assignee shall have the right to exercise all of it rights and remedies there under. Assignor agrees to indemnify Assignee against all expenses, including attorney fees, incurred by Assignee to enforce its rights hereunder. This Assignment shall be binding on the parties hereto, their heirs, successors, assigns, and legal representatives.

In further consideration of the Master Lease, Assignor hereby appoints Assignee to act as Assignor's attorney-in-fact in Assignor's name, place and stead, for the following purpose(s): In the event that Assignor fails to cure an Event of Default (as term is defined in the Master Lease), Assignor hereby authorizes Assignee, as Assignor's attorney-in-fact, to sell, convey, assign or otherwise transfer Assignor's interest in the Master Lease, and the Equipment described therein, to another third party without first obtaining Assignor's consent. Assignor hereby acknowledges and agrees that Assignee's exercise of its general authority as Assignor's attorney-in-fact hereunder by selling, conveying, assigning or otherwise transferring Assignor's interest in the Master Lease, and the Equipment described therein, shall not relieve Assignor from Assignor's obligations under the Master Lease, nor shall it release Assignor from liability under the Master Lease.

In WITNESS WHEREOF, Assignor has executed this Assignment of Accounts Receivable and Power of Attorney this __13__ day of September 2018.

Assignor: _/s/ James Dufoe_

Scanned by CamScanner

**MINNWEST BANK**  **DELIVERY & ACCEPTANCE CERTIFICATE**

Lessee(s):   James Dufoe
             928 Pine Ridge Ter
             River Falls WI 54022

Contract #   050-0002268-000

Lessee hereby certifies that all of the equipment described below (the "Equipment") has been delivered to and has been received by the Lessee, that all installation or other work necessary prior to the use thereof has been completed, that the Equipment has been examined by the Lessee and is in good operating order and condition and Lessee has inspected and hereby accepts the Equipment as satisfactory in all respects for all of Lessee's intended uses and purposes. Lessee hereby unconditionally and irrevocably accepts the Equipment.

| Quantity | Type and Model Number | Serial Number |
|---|---|---|
| 1 | 2019 Peterbilt Model 389 Tractor | 1XPXD49X2KD272070 |

WITH THE DELIVERY OF THIS DOCUMENT TO MINNWEST BANK ("LESSOR"), LESSEE ACKNOWLEDGES AND AGREES THAT LESSEE'S OBLIGATIONS TO LESSOR BECOME ABSOLUTE AND IRREVOCABLE AND LESSEE SHALL BE FOREVER ESTOPPED FROM DENYING THE TRUTHFULNESS OF THE REPRESENTATION MADE IN THIS DOCUMENT.

Lessee: James Dufoe

By: _____   _____
      Signature                Date

Scanned by CamScanner